UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EUSEBIO AVILES, III,

    Petitioner,

v.                                    Case No: 6:25-cv-1447-JSS-DCI

WARDEN, VOLUSIA COUNTY
CORRECTIONS,

    Respondent.
_____/

## ORDER

In July 2025, Petitioner, Eusebio Aviles, III, filed a pro se petition for writ of habeas corpus. (Dkt. 1.) Petitioner filed the petition as a pretrial detainee challenging his detention under 28 U.S.C. § 2241. (Dkt. 1 at 1.) Upon consideration, for the reasons outlined below, the court dismisses the petition without prejudice.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."[1] Section 2241 permits state pretrial detainees to seek federal habeas relief in limited

---

[1] Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 may be applied to cases brought pursuant to 28 U.S.C. § 2241. "Therefore, summary dismissal of a habeas corpus action brought pursuant to 28 U.S.C. § 2241 is appropriate when the petition 'plainly reveals that relief is not warranted.'" *Trimble v. Allen*, No. 7:11-CV-7 (HL), 2011 WL 672335, at *1 n.2, 2011 U.S. Dist. LEXIS 16362, at *1 n.2 (M.D. Ga. Feb. 17, 2011) (quoting *Ugwu v. Holder*, No. 1:10-CV-03152-WSD-SSC, 2010 WL 5476712, at *1, 2010 U.S. Dist. LEXIS 137438, at *1 (N. D. Ga. Nov. 29, 2010), *report and recommendation adopted by* 2010 WL 5476699, at *2, 2010 U.S. Dist. LEXIS 137433, at *5 (N.D. Ga. Dec. 30, 2010)).

circumstances. *See Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003) (explaining that a person held in state pretrial detention is not in custody pursuant to a state judgment and must "file an application for a writ of habeas corpus governed by [section] 2241 only"); *see also Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) ( "[F]ederal courts should abstain from the exercise of [jurisdiction over a pretrial habeas corpus petition] if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.").

Once an individual has been convicted in a state court and judgment has been entered, the appropriate statute by which the prisoner may seek federal habeas relief is 28 U.S.C. § 2254. *See Medberry*, 351 F.3d at 1059 (explaining that section 2254 and its requirements apply to "a person in custody pursuant to the judgment of a [s]tate court" (emphasis and quotation omitted)). However, before a petitioner may seek federal habeas relief under section 2254, he must exhaust his state remedies, and his state postconviction proceedings must be concluded. *See id.* at 1061 ("Section 2254 . . . requires that a petitioner exhaust any available state procedures and that, where such procedures are available, the federal courts give a certain amount of deference to the state court determinations."); *Horowitz v. Wainwright*, 709 F.2d 1403, 1404 (11th Cir. 1983) ("The principles of comity that form the basis for the exhaustion requirement clearly would be violated by allowing the petitioners to simultaneously pursue their appeal in the Florida state court and their [s]ection 2254 petitions in federal court.").

The petition does not state either Petitioner's state criminal case number or the offense for which he is charged. (*See* Dkt. 1.) Nonetheless, the court may take judicial notice of facts that are "not subject to reasonable dispute" from "sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b)(2), such as state court records, *see Purcell v. City of Fort Lauderdale*, 753 F. Supp. 3d 1308, 1322 & n.7 (S.D. Fla. 2024) (taking judicial notice of state court records under Rule 201(b)(2)). Therefore, the court judicially notices information obtained on October 7, 2025, from the Volusia County Clerk of Circuit Court's website, https://ccms.clerk.org/, reflecting that in *State v. Aviles*, Case No. 2024 100751 CFDB, Petitioner pleaded nolo contendere and was adjudicated guilty of felony battery on October 1, 2025, and judgment was filed on October 4, 2025. Thus, Petitioner is no longer a pretrial detainee but instead a prisoner in custody pursuant to a state judgment. Accordingly, Petitioner cannot obtain habeas relief under section 2241. Rather, he must pursue federal habeas relief under section 2254 after he exhausts his state remedies, such as a direct appeal and postconviction proceedings.

In any event, the issues Petitioner raises in his petition can be resolved through state procedures. Petitioner has not demonstrated special circumstances warranting this court's intrusion into the state proceedings. *See Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (recognizing that federal courts should not interfere with pending state criminal proceedings absent one of the following circumstances: (1) "there is evidence of state proceedings motivated by bad faith," (2) "irreparable injury would occur," or (3) "there is no adequate alternative state forum

where the constitutional issues can be raised"). Abstention is thus appropriate.

Accordingly:

1. The petition (Dkt. 1) is **DISMISSED without prejudice**.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and to close this case.

**ORDERED** in Orlando, Florida, on October 7, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties